IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALVIN T. PERKINS JR, II, #R22915,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-00194-SMY |
| | ) |
| **WEXFORD SOURCE INC.** | ) |
| **SIDDIQUI,** | ) |
| **ANGELA CRAIN,** | ) |
| **ROB JEFFREYS, and** | ) |
| **FRANK LAWRENCE,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Alvin T. Perkins Jr, II, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts a claim of deliberate indifference to serious medical needs and seeks monetary damages and injunctive relief. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff suffers from chronic sinus issues, lesions on his tongue and in his groin area, and jaw pain. He was provided

inadequate medical treatment by Wexford and IDOC health care providers from May 2019 through December 2019.  Plaintiff sent numerous requests for medical care and filed several grievances on these issues.

## Discussion

To survive preliminary review under Section 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 547 (2007).  Additionally, because Plaintiff brings his claims under 42 U.S.C. § 1983, he must sufficiently allege that each defendant was personally involved in the deprivation of a constitutional right.  See, *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted).

Prison officials and medical staff violate the Eight Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs.  *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017).  To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs.  *Id.*  "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it."  *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

There are no factual allegations in the Complaint describing what the individual defendants did or failed to do to violate Plaintiff's constitutional rights.  Plaintiff does not allege Defendants played a role in his medical care or were made aware of his medical conditions and inadequate medical care and failed to take any action to rectify the situation.  He seeks to hold Defendants

responsible for the inadequate medical care provided by unidentified Wexford health care providers based on their positions as administrators, supervisors, and, in Wexford's case, as an employer. However, the doctrine of *respondeat superior* does not apply to Section 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Thus, absent allegations describing what each of these individuals did or failed to do in violation of Plaintiff's constitutional rights, he fails to state a claim against them.[1]

For the reasons stated, Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim upon which relief can be granted.[2] Plaintiff will be granted leave to file a First Amended Complaint.

### Disposition

Pursuant to 28 U.S.C. § 1915A, Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **December 9, 2020**. The First Amended Complaint will be subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 20-cv-00194-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations

---

[1] Wexford can be held liable for deliberate indifference if it had a policy or practice that caused a constitutional violation. *Woodward v. Corr. Med. Servs. of Ill., Inc.,* 368 F.3d 917, 927 (7th Cir. 2004)). The corporate policy "must be the direct cause or moving force behind the constitutional violation." *Id.*

[2] In his request for relief, Plaintiff states he is seeking a preliminary injunction. He did not file a separate motion in support of the request and he did not set forth the reasons he is entitled to this relief under Rule 65(a) or (b) of the Federal Rules of Civil Procedure. For that reason, and because the Complaint fails to state a claim for relief, Plaintiff has not shown he is entitled to a preliminary injunction and his request is denied. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008) (a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he should identify the Does as much as possible and at least distinguish between different Doe, e.g. John Doe # 1 did X and Jane Doe # 2 did Y. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C.

§ 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 9, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**