## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALVIN T. PERKINS JR, II, #R22915,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-00194-SMY |
| | ) |
| **WEXFORD SOURCE INC.** | ) |
| **SIDDIQUI,** | ) |
| **ANGELA CRAIN,** | ) |
| **ROB JEFFREYS, and** | ) |
| **FRANK LAWRENCE,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff Alvin T. Perkins Jr, II, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The Complaint did not survive screening because Plaintiff failed to state a claim for relief, and on November 9, 2020, the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A. (Doc. 9). Plaintiff was granted leave to file a First Amended Complaint on or before December 9, 2020 and was warned that if he failed to submit a First Amended Complaint, this case would be dismissed with prejudice. (Doc. 9, p. 4).

The deadline to file a First Amended Complaint has passed and Plaintiff has not filed the pleading or requested an extension. Accordingly, this case is **DISMISSED with prejudice** for Plaintiff's failure to comply with the Court's Order and to prosecute his claim. Fed. R. Civ. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute

is presumptively with prejudice).  Because the Complaint failed to state a claim upon which relief may be granted, **this dismissal shall count as a strike for purposes of 28 U.S.C. 1915(g)**.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED.R.APP.P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.  If the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

**DATED:  December 17, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**